# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL CRAWFORD | CIVIL ACTION |
| VERSUS | NO. 07-2667 |
| JAMES LEBLANC | SECTION "I"(5) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. §2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. §2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Paul Crawford, is incarcerated in the Dixon Correctional Center in Jackson, Louisiana.[2] On December 18, 2003, Crawford and co-defendant Samantha McCarthy were charged in Jefferson Parish in a nine count bill of information: Count 1 charged both with distribution of hydrocodone; Count 2 charged McCarthy with distribution of alprazolam; Count 3 charged both with possession of hydrocodone; Count 4 charged McCarthy with possession of alprazolam; Count 5 charged both with possession of 30 tablets of Carisoprodl, by means of fraud and deceit from Dave's Pharmacy and Rite Aid Pharmacy; Count 6 charged both with possession of 30 tablets of hydrocodone, by means of fraud and deceit from Dave's Pharmacy and Rite Aid Pharmacy; Count 7 charged McCarthy with possession of 30 tablets of alprazolam by means of fraud and deceit from Dave's Pharmacy and Rite Aid Pharmacy; Count 8 charged Crawford with cruelty to a known juvenile for the failure to provide medical care for the juvenile's sprained ankle and severely infected insect bites; and Count 9 charged both with cruelty to a known juvenile by striking the juvenile in the face, pushing or shoving the juvenile from a vehicle, and/or abandoning the juvenile at the scene.[3]

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 2, Bill of Information (2 pages), 12/18/03.

The bill of information was later amended to change Count 3 to charge both with possession of hydrocodone with intent to distribute same, to change Count 4 to charge McCarthy with possession of alprazolam with intent to distribute same, and to change Count 8 to charge only Crawford with juvenile cruelty as originally stated and by leaving a juvenile outside without supervision where he might be harmed.[4] The remaining counts in the amended bill, Counts 1, 2, 5, 6, 7, and 9, remained the same as in the original.

The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case as follows:

> [T]he defendant testified that he went to a doctor and got prescriptions for himself and that he then distributed them to different people. The defendant also testified that he failed to get his eight-year-old son proper medical attention for an infection, slapped him in the face, causing his nose to bleed, dropped him off a block from where he was supposed to go, and then left him, because his current female friend did not want his son around her. The defendant stated that his intention was not to go back for his son. The defendant stated that prior to his abandonment, his son's foot was infected from mosquito bites he received when he was left outside alone while Crawford and his roommates engaged in drug deals and prostitution. The defendant stated that this situation occurred on three to five occasions. The infection caused the minor to be hospitalized for three days.[5] The minor was released with a prescription for antibiotics that the defendant never filled, because he claimed to have no money.

---

[4] St. Rec. Vol. 1 of 2, Amended Bill of Information (2 pages), 7/7/04; Minute Entry, 7/7/04; Minute Entry (McCarthy), 7/7/04.

[5] The minor was released from Children's Hospital to the father, after two days, against medical advice. (Pre-sentence Investigation report).

(footnote in original) State v. Crawford, 922 So.2d 666, 668 (La. App. 5th Cir. 2006); State Record Volume 1 of 2, Louisiana Fifth Circuit Opinion, 05-KA-494, page 4, January 31, 2006.

Upon motion of Crawford's counsel, the state trial court conducted a competency hearing on April 28, 2004, and found Crawford competent to proceed to trial.[6] Thereafter, on July 26, 2004, Crawford entered a plea of guilty to Counts 1, 3, 5, 6, 8, and 9 of the amended bill of information.[7] That same day, McCarthy also entered a plea of guilty to Counts 1, 2, 3, 4, 5, 6, and 7 of the amended bill of information.[8] The State, however, entered a nolle prosequi as to McCarthy on Count 9.

The state trial court sentenced Crawford on October 20, 2004, to serve five years in prison each on Counts 1 and 3, concurrently, to serve three years in prison each on Counts 5 and 6, concurrently, and to serve ten years in prison each on Counts 8 and 9, concurrently, with the first five years of the sentence on Count 9 to be served consecutive to all others.[9] The state trial court

---

[6]St. Rec. Vol. 1 of 2, Motion to Appoint Sanity Commission, 3/26/04; Trial Court Order, 3/30/04; Competency Hearing Minutes, 4/28/04; St. Rec. Vol. 2 of 2, Competency Hearing Transcript, 4/28/04.

[7]St. Rec. Vol. 1 of 2, Plea Minutes, 7/26/04; Acknowledgment and Waiver of Constitutional Rights - Guilty Plea, 7/26/04; St. Rec. Vol. 2 of 2, Plea Transcript, 7/26/04.

[8]St. Rec. Vol. 1 of 2, Plea Minutes (McCarthy), 7/26/04; Acknowledgment and Waiver of Constitutional Rights - Guilty Plea (McCarthy), 7/26/04.

[9]St. Rec. Vol. 1 of 2, Sentencing Minutes, 10/20/04; St. Rec. Vol. 2 of 2, Sentencing Transcript, 10/20/04.

later denied Crawford's motion to reconsider the sentence and granted him leave to appeal.[10]

The state trial court also sentenced McCarthy on December 8, 2004, to serve six years in prison each on Counts 1 and 2, concurrently, and to serve three years in prison each on Counts 3, 4, 5, 6, and 7, concurrently.

On appeal, Crawford alleged that the state trial court imposed an excessive sentence.[11] On January 31, 2006, the Louisiana Fifth Circuit affirmed the conviction and the sentence, as amended by its order to reflect that Crawford must serve the first two years of his sentence without benefit of parole, probation or suspension of sentence.[12]

Crawford's conviction became final 30 days later, on March 2, 2006, because he did not seek further review in the Louisiana Supreme Court.[13]

---

[10] St. Rec. Vol. 1 of 2, Motion to Reconsider Sentence, 11/12/04; Trial Court Order, 11/15/04; Motion for Appeal, 11/12/04; Trial Court Order II, 11/15/04.

[11] St. Rec. Vol. 2 of 2, Appeal Brief, 05-KA-0494, 6/6/05.

[12] State v. Crawford, 922 So.2d at 671-72; St. Rec. Vol. 1 of 2, 5th Cir. Opinion, 05-KA-494, pp. 9-10, 1/31/06.

[13] A state conviction is final for federal limitations purposes at the conclusion of the original period for seeking direct review. Butler v. Cain, 533 F.3d 314, 317 (5th Cir. Jun. 25, 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)). Under La. S.Ct. R. X§5(a), Crawford had 30 days to postmark or file an application with the Louisiana Supreme Court seeking review of the judgment of the court of appeal. See also, La. Code Crim. Proc. art. 922(A). Crawford did not do so.

Over one year later, on March 30, 2007, Crawford submitted two applications for post-conviction relief, one of which was filed by the state trial court on April 5, 2007, and the other was filed on April 13, 2007.[14] In the identical applications, he raised three grounds for relief: (1) the trial court erred when it used its "expertise" to upgrade the sentence where its expertise was exaggerated; (2) the district attorney maliciously relied upon a 19 year old charge to enhance the sentence; and (3) counsel gave ineffective assistance in failing to use public records to refute the prosecution's case.

The state trial court, on April 30, 2007, denied relief as to the application filed April 13, 2007, finding that the first two claims were procedurally barred from review under La. Code Crim. P. art. 930.4 and that the third claim was without merit. Crawford did not seek review of this ruling. The record does not contain a ruling on the identical application filed on April 5, 2007.

II. FEDERAL HABEAS PETITION

On May 2, 2007, the Court granted pauper status to Crawford resulting in the filing of his petition for federal habeas corpus relief which raised three grounds for relief:[15] (1) the trial court erred when it used its "expertise" to upgrade the sentence where

---

[14]St. Rec. Vol. 1 of 2, Uniform Application for Post-Conviction Relief, 4/13/07 (signed 3/30/07).

[15]Rec. Doc. No. 1.

6

its expertise was exaggerated; (2) the district attorney maliciously relied upon a 19 year old charge to enhance the sentence; and (3) counsel gave ineffective assistance in failing to use public records to refute the prosecution's case.

The State filed a response in opposition to Crawford's petition, arguing that the petition should be dismissed as untimely filed.[16] The State also argues that Crawford failed to exhaust state court remedies as to all of the claims raised and that his second claim, prosecutorial maliciousness, is procedurally barred from federal review.

III. <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[17] and applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Crawford's petition,

---

[16] Rec. Doc. No. 15.

[17] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

7

which, for reasons discussed below, is deemed filed in this federal court on April 19, 2007.[18]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. §2254(b), (c)). In this case, the State raised the defenses of limitations, failure to exhaust, and procedural default. Although the record establishes that each of the defenses has merit, the petition may be dismissed in its entirety as untimely filed.

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[19] Duncan

---

[18]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Crawford's petition was filed by the clerk of court on May 2, 2007. Crawford dated his signature on the application on April 19, 2007. This date is the earliest date on which Crawford could have submitted his pleadings to prison officials for mailing.

[19]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

v. Walker, 533 U.S. 167, 179-80 (2001). Crawford's conviction became final on March 2, 2006, when the period expired for him to seek review of the Louisiana Fifth Circuit's opinion on direct appeal.

Therefore, under a literal application of the statute, Crawford had until March 2, 2007, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist

---

the judgment of a State court. The limitation period shall run from the latest of--
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. §2244(d).

which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Crawford has not asserted any reason, and the court can find none, that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions to entitle him to equitable tolling. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming

without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

11

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment

subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Crawford's case on March 3, 2006, the day after his conviction became final. The limitations period ran uninterrupted for 365 days, until March 2, 2007, when it expired. Crawford had no properly filed state post-conviction or other collateral review pending during that period. As outlined above, Crawford did not sign and submit his applications for post-conviction relief to the state trial court until March 30, 2007. The later filed pleadings do not entitle him to tolling or effect the timeliness calculation herein. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record establishes that, after his conviction became final, Crawford allowed over one year to lapse without any properly

filed state court proceedings and without having filed a timely federal petition for habeas corpus relief. His federal petition, deemed filed on April 19, 2007, was filed six weeks after the expiration of the AEDPA filing period on March 2, 2007. The petition must be dismissed as untimely.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Paul Crawford for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 30th day of January, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE